16015122   SCANNED

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| KEITH JONES, ) | RECEIVED |
| ) | Ingaldson, Maassen & Fitzgerald, PC |
| Plaintiff, ) | |
| ) | JAN 0 3 2005 |
| vs. ) | |
| ) | File No. 7501-5 |
| BOWIE INDUSTRIES, INC. and ) | Approved for File: |
| TODD CHRISTIANSON individually ) | |
| and dba GREAT ALASKA LAWN ) | |
| AND LANDSCAPING, INC., ) | |
| ) | |
| Defendants. ) | |
| ) Case No.: 3AN-04-10958 CI | |

## FIRST AMENDED COMPLAINT

Plaintiff, by and through his attorneys of record, PENTLARGE LAW GROUP, and for his first amended complaint against the defendants, states and alleges as follows:

I. **General Allegations Common to All Claims for Relief.**

1. Plaintiff is a resident of the State of Alaska and was at all times pertinent hereto.

2. On June 5, 2003, while Mr. Jones was working on a hydromulcher manufactured by defendant BOWIE INDUSTRIES, INC. his right leg was amputated above the knee when it was caught between the mixing auger and the bin of the hydromulcher.

3. The injury described above took place in Anchorage, Alaska.

4. Defendant BOWIE INDUSTRIES, INC. is a corporation in good standing with its principal offices in Bowie, Texas.

5. Defendant BOWIE INDUSTRIES, INC. designs, manufactures and sells hydromulcher machinery amongst other things.

PENTLARGE LAW GROUP
1400 West Benson Boulevard Suite 550
Anchorage, AK 99503
(907) 276-1919   276-8000 (Fax)

Exhibit 2
Page 1 of 7 Pages

6.  The hydromulcher which caused Mr. Jones' injury was designed, manufactured an sold by defendant BOWIE INDUSTRIES, INC.

7.  On information and belief, defendant GREAT ALASKA LAWN AN LANDSCAPING, INC. owned the hydromulcher which caused plaintiff Jones' injury at the time c his injury.

8.  Upon information and belief, defendant GREAT ALASKA LAWN AN LANDSCAPING, INC. was a corporation incorporated in the State of Alaska with its principal plac of business in the State of Alaska but has been involuntarily dissolved.

9.  Upon information and belief, Defendant TODD CHRISTIANSON was the sol stockholder of defendant GREAT ALASKA LAWN AND LANDSCAPING, INC.

10. After the involuntary dissolution of defendant GREAT ALASKA LAWN AN LANDSCAPING, INC., defendant TODD CHRISTIANSON continued to do business as GREA1 ALASKA LAWN AND LANDSCAPING, INC. Hereinafter they will jointly be referred to a: "GREAT ALASKA LAWN."

11. At the time of the injury, plaintiff Jones was employed by TITAN ENTERPRISES LLC.

12. At the time of the injury, defendant GREAT ALASKA LAWN had leased, rented, o: loaned the hydromulcher to plaintiff Jones' employer, TITAN ENTERPRISES, LLC.

13. TITAN ENTERPRISES, LLC. was at all times relevant herein a corporatior incorporated in the State of Alaska in good standing with its principal place of business ir Anchorage, Alaska.

First Amended Complaint
Jones v. Bowie Industries, et al

Exhibit 2
Page 2 of 7 Pages

14. Plaintiff was employed by TITAN ENTERPRISES, LLC. and working in the cours and scope of his employment at the time of his injury.

15. The hydromulcher was dangerously defective in its design and manufacture in a number of respects because it was unreasonably dangerous to operators who were exposed to risk o serious bodily injury caused by the moving auger in the hydromulcher.

16. The hydromulcher was defective at the time it was leased, rented or loaned fron GREAT ALASKA LAWN to TITAN ENTERPRISES, LLC. for the reasons set forth in th immediately preceding paragraph, incorporated herein.

17. Upon information and belief, GREAT ALASKA LAWN made modifications to th hydromulcher which contributed to its defectiveness.

18. The defendants, individually and in concert, failed to adequately warn plaintiff Jone or his employer, and other users of the hydromulcher, of the dangers of severe bodily injury posed by the manufacturing and design defects in the hydromulcher.

19. The defects of design and manufacture and warning were direct and proximate causes of plaintiff's injuries.

II. **Strict Liability.**

20. Plaintiff incorporates all previous paragraphs herein.

21. As a result of the defects of design, manufacture and warning, defendants, individually and jointly, are strictly liable to plaintiff for his damages including but not limited to pain and suffering, loss of enjoyment of life, lost wages, lost earning capacity, medical expenses and permanent impairment, the exact amount to be proven at trial.

III. **Negligence of Bowie Industries, Inc.**

Exhibit __Z__
Page __3__ of __7__ Pages

22. Plaintiff incorporates all previous paragraphs herein.

First Amended Complaint
Jones v. Bowie Industries, et al

23. Defendant BOWIE INDUSTRIES, INC. was required by law to exercise reasonable care in design, manufacture and sale of its products in order to protect users from injury.

24. Defendant BOWIE INDUSTRIES, INC. was negligent in the design, manufacture and sale of its hydromulcher which caused plaintiff's injury.

25. Defendant BOWIE INDUSTRIES, INC. is required by law to exercise reasonable care to ensure that the hydromulchers it sells are safe to users.

26. Defendant BOWIE INDUSTRIES, INC. was negligent because it did not use reasonable care to ensure the safety of its hydromulcher and, in fact, its hydromulcher was negligently manufactured to be unsafe to users.

27. Defendant BOWIE INDUSTRIES, INC, was negligent for failing to adequately warn users, including plaintiff and his employer, of the dangers inherent in the use of the hydromulcher as designed and manufactured.

28. Defendant BOWIE INDUSTRIES, INC.'s negligence as set forth above was a direct and proximate cause of plaintiff's injuries.

29. As a result of Defendant BOWIE INDUSTRIES, INC.'s negligence, Defendant BOWIE INDUSTRIES, INC. is liable to plaintiff for his damages including, but not limited to, pain and suffering, loss of enjoyment of life, lost wages, lost earning capacity, medical expenses and permanent impairment, the exact amount to be proven at trial.

IV. **Negligence of Todd Christianson individually and dba Great Alaska Lawn.**

30. Plaintiff incorporates all previous paragraphs herein.

Exhibit 2
Page 4 of 7 Pages

First Amended Complaint
Jones v. Bowie Industries, et al

31. In the course and scope of its business, defendants TODD CHRISTIANSON individually and dba GREAT ALASKA LAWN rented, leased or loaned the hydromulcher to plaintiff's employer.

32. Defendants TODD CHRISTIANSON individually and dba GREAT ALASKA LAWN was required by law to exercise reasonable care to ensure that the equipment it rented, leased or loaned to plaintiff's employer was reasonably safe.

33. Defendants TODD CHRISTIANSON individually and dba GREAT ALASKA LAWN breached its duty to plaintiff by supplying a hydromulcher which was dangerously defective and exposed users to unreasonable risk of injury.

34. Defendants TODD CHRISTIANSON individually and d/ba GREAT ALASKA LAWN was negligent for, upon information and belief, making modifications to the hydromulcher which contributed to its dangerous defects and made it unreasonably unsafe for users.

35. Defendants TODD CHRISTIANSON individually and dba GREAT ALASKA LAWN was negligent for failing to adequately warn plaintiff and plaintiff's employer of the dangers inherent in the use of the hydromulcher and/or by failing to train Plaintiff's employer and its employees, including Plaintiff, on the safe operation of the equipment.

36. Defendants TODD CHRISTIANSON individually and dba GREAT ALASKA LAWN's negligence as set forth above was a direct and proximate cause of plaintiff's injuries.

37. As a result of defendants TODD CHRISTIANSON individually and dba GREAT ALASKA LAWN's negligence, defendants TODD CHRISTIANSON and d/b/a GREAT ALASKA LAWN is liable to plaintiff for his damages including, but not limited to pain and suffering, loss of enjoyment of life, lost wages, lost earning capacity, medical expenses and permanent impairment, the exact amount to be proven at trial.

First Amended Complaint
Jones v. Bowie Industries, et al

Exhibit 2
Page 5 of 7 Pages

### V. Severe Physical Impairment and Disfigurement.

38. Plaintiff incorporates all previous paragraphs herein.

39. Plaintiff's injuries sustained in this accident constitute severe permanent physical impairment as contemplated by AS 09.17.010.

40. Plaintiff's injuries sustained in this accident constitute severe disfigurement as contemplated by AS 09.17.010.

### VI. Prayer for Relief.

41. Plaintiff incorporates all previous paragraphs herein.

42. All defendants are strictly liable to plaintiff for his injuries for supplying a product which was defective in design, manufacture and warning as set forth in the allegations above.

43. All defendants are liable to plaintiff for his injuries as a result of their negligence as set forth in the allegations above.

44. The defects in design, manufacture and warning, and the negligence of each defendant, were direct and proximate causes of plaintiff's injuries.

WHEREFORE, having stated his Complaint, plaintiff prays for relief as follows:

1. For an award of damages in an amount exceeding $100,000.00, the exact amount to be proven at trial;

2. For pre-judgment and post-judgment interest at the maximum rate allowable by law;

3. For plaintiff's costs and attorney's fees incurred in pursuing this action; and

Exhibit 2
Page 6 of 7 Pages

First Amended Complaint
Jones v. Bowie Industries, et al

4. For such other and further relief as the court may deem just and equitable in the premises.

DATED at Anchorage, Alaska this 29th day of December, 2005.

PENTLARGE LAW GROUP
Attorneys for Plaintiff

By: _David R. Walker_
for: James B. Pentlarge
ABA No.: 8306054

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail postage prepaid to the individual(s) below on this 29 day of December 2005.

Kevin T. Fitzgerald, Esquire
Ingaldson, Maasen & Fitzgerald, P.C.
813 W. 3rd Avenue
Anchorage, Alaska 99501-2201

John J. Tiemessen, Esquire
Clapp, Peterson, Van Flein
 Tiemessen & Thorsness, LLC
411 4th Avenue, Suite 300
Fairbanks, Alaska 99701

_Terrie Pinney_
Terrie Pinney

Exhibit __2__
Page __7__ of __7__ Pages

First Amended Complaint
Jones v. Bowie Industries, et al