# NAUTILUS INSURANCE GROUP®

Nautilus Insurance Company   Great Divide Insurance Company

March 15, 2006

CERTIFIED-RETURN RECEIPT-CLAIM #10015122                and VIA FAX (907) 258-8751

Kevin T. Fitzgerald
Ingaldson, Maassen & Fitzgerald, PC
813 West Third Avenue
Anchorage, AK   99501-2001

RE:   <u>Jones vs. Bowie Industries, Inc., et al</u>
   Company   : Great Divide Insurance Company
   Our Insured  : Titan Enterprises, LLC dba Titan Top Soil
   Claim No.   : 10015122
   Policy No.   : GC 240519
   Policy Period : April 28, 2003 – April 28, 2004
   Plaintiff    : Keith Jones
   Date / Incident : June 5, 2003

Dear Mr. Fitzgerald:

I have been forwarded a copy of your correspondence of February 9, 2006 to Dave Alutius with the First Amended Complaint filed in the matter styled: <u>Keith Jones, Plaintiff, vs. Bowie Industries, Inc and Todd Christianson individually and dba Great Alaska Lawn and Landscaping, Inc., Defendants.</u> The First Amended Complaint is filed in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, under case no. 3AN-04-10958 CI.

The First Amended Complaint alleges that while the plaintiff was working on a hydromulcher his right leg was amputated above the knee when it was caught between the mixing auger and the bin of the hydromulcher. The First Amended Complaint alleges at the time of the injury, plaintiff Jones was employed by Titan Enterprises LLC and that the plaintiff was working in the course and scope of his employment at the time of his injury (paragraphs 11 and 14).

The First Amended Complaint alleges Todd Christianson individually and dba Great Alaska Lawn and Landscaping was negligent for making modifications to the hydromulcher which contributed to its dangerous defects and for failing to adequately warn the plaintiff of the dangers in using the hydromulcher.

It is the position of Great Divide Insurance Company, for the reasons outlined below, that the Commercial General Liability Policy issued under policy number GC 240519 does not provide coverage for the defense of the First Amended Complaint or for indemnification of the claim being made by Keith Jones on behalf of Todd Christianson or Titan Enterprises LLC dba Titan Top Soil.

The policy of insurance with Great Divide Insurance Company as above titled, GC 240519 provides coverage for "bodily injury" and "property damage" caused by an "occurrence" during the policy period. The policy also provides coverage for "personal and advertising injury" as defined therein. The coverage provided is subject to the terms, conditions, exclusions and endorsements to the policy.

The policy was issued with various forms and endorsements The Commercial General Liability policy issued to Titan Enterprises LLC dba Titan Top Soil under policy number GC 240519 contains Form CG 00 01 (10/01), COMMERCIAL GENERAL LIABILITY COVERAGE FORM. Please refer to that Form, specifically the insuring

---

7233 East Butherus Drive   Scottsdale, Arizona 85260   Phone 800.842.8972   480.951.0905   Fax 480.951.9730

*A BERKLEY COMPANY*®



Exhibit ___4___
Page ___1___ of ___8___ Pages

Kevin T. Fitzgerald
Ingaldson, Maassen, Fitzgerald, PC
March 15, 2006
Page 2

agreement under SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, which provides in part as follows:

"SECTION I - COVERAGES

COVERAGE A  BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; and"

Please continue to refer to Form CG 00 01 (10/01), SECTION V – DEFINITIONS, where the words "bodily injury", "property damage" and "occurrence" are defined as follows:

"3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    For the purposes of this insurance, electronic data is not tangible property.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

The policy's coverage for "bodily injury" and "property damage" is subject to the following exclusions also found on Form CG 00 01 (10/01), SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILTY, which states as follows:

Exhibit 4
Page 2 of 8 Pages

Kevin T. Fitzgerald
Ingaldson, Maassen, Fitzgerald, PC
March 15, 2006
Page 3

"2. Exclusions

This insurance does not apply to:

d. Workers' Compensation And Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law."

As you can see from the above referenced policy language, no coverage is provided for any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law. Should Titan Enterprises LLC dba Titan Top Soil have any obligation for any such benefits, pursuant to the above referenced exclusion 2.d., no coverage is provided for any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

Additionally, the policy also contains certain forms and endorsements which exclude or limit coverage for "bodily injury". Please refer to Form S 127 (06/00), AMENDATORY ENDORSEMENT – EMPLOYEE EXCLUSION, and states as follows:

"THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

AMENDATORY ENDORSEMENT - EMPLOYEE EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Exclusion e. Employer's Liability of COVERAGE A. Bodily Injury and Property Damage Liability (Section I - Coverages) is **replaced** by the following:

e. Employer's Liability

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or
(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

As respects this endorsement only, the definition of "Employee" in DEFINITIONS (Section V) is **replaced** by the following:

Exhibit 4
Page 3 of 8 Pages

> "Employee" shall include, but is not limited to, any person or persons hired by, loaned to, leased to, contracted for, or volunteering services to the insured, whether or not paid by the insured.
>
> All other terms and conditions of this Policy remain unchanged."

As you can see, the policy specifically excludes coverage for "bodily injury" to an "employee" of the insured arising out of the course and scope of employment by the insured, or for any obligation to repay someone else who must pay damages because of the injury sustained by the plaintiff. The First Amended Complaint clearly alleges that

Keith Jones was employed by Titan Enterprises LLC and that he was working in the course and scope of his employment at the time of his injury. Pursuant to the above referenced endorsement, no coverage would be provided for any "bodily injury" sustained by an "employee" of the insured arising out of or in the course of employment by the insured.

Please refer to Form GS 944 (07/00), COMMERCIAL LINES POLICY CONMMON POLICY DECLARATIONS, which lists the named insured as follows:

> "Named Insured and Mailing Address
> (No., Street, Town or City, County, State, Zip Code)
>
> TITAN ENTERPRISES LLC
> DBA TITAN TOP SOIL
> 12870 OLD SEWARD HWY STE 114
> ANCHORAGE        AK      99515"

Please again refer to Form CG 00 01 (10/01), COMMERCIAL GENERAL LIABILITY COVERAGE FORM, contains the following introductory language:

> "Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II - Who Is An Insured."

As noted previously, the named insured on the policy is Titan Enterprises LLC dba Titan Top Soil. Form CG 00 01 (10/01), COMMERCIAL GENERAL LIABILITY COVERAGE FORM, references who is an insured under the policy under SECTION II – WHO IS AN INSURED, which provides in part as follows:

**SECTION II - WHO IS AN INSURED**

1. If you are designated in the Declarations as:

    d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

Exhibit 4
Page 4 of 8 Pages

2. Each of the following is also an insured:

  a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

    (1) "Bodily injury" or "personal and advertising injury":

      (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

      (b) To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above;

      (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

      (d) Arising out of his or her providing or failing to provide professional health care services.

    (2) "Property damage" to property:

      (a) Owned, occupied or used by,

      (b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose byyou, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

  b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

  c. Any person or organization having proper temporary custody of your property if you die, but only:

    (1) With respect to liability arising out of the maintenance or use of that property; and

    (2) Until your legal representative has been appointed.

  d. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

Exhibit 4
Page 5 of 8 Pages

3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

   a. "Bodily injury" to a co-"employee" of the person driving the equipment; or

   b. "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

4. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

   a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

   b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

   c. Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations."

Please continue to refer to Form CG 00 01 (10/01), specifically SECTION V – DEFINITIONS, where the terms "executive officer", "volunteer worker", "employee", "leased worker" and "temporary worker" are defined as follows:

   "6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

   20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

   5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

   10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

   19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions."

Todd Christianson is named in the First Amended Complaint individually and dba Great Alaska Lawn and Landscaping, Inc. Mr. Christianson would only qualify as an insured under the policy with respect to his duties related to the conduct of the named insured business – Titan Enterprises LLC dba Titan Top Soil. The Complaint does not contain any allegations against Mr. Christianson arising out of his conduct related to Titan Enterprises, LLC dba Titan Top Soil. Consequently, no coverage would be provided under the policy for the defense of or

Exhibit   4
Page   6   of   8   Pages

Kevin T. Fitzgerald
Ingaldson, Maassen, Fitzgerald, PC
March 15, 2006
Page 7

indemnification for the First Amended Complaint on behalf of Mr. Christianson, as he does not qualify as an insured under the policy pursuant to the allegations being made in the First Amended Complaint.

Additionally, Great Alaska Lawn and Landscaping, Inc. was not a named insured on the policy. Pursuant to the policy language of SECTION II – WHO IS AN INSURED, Great Alaska Lawn and Landscaping, Inc. would not be an insured under the policy as they do not qualify as an insured under the policy language referenced.

Please again refer to Form CG 00 01 (10/01), COMMERCIAL GENERAL LIABILITY COVERAGE FORM, specifically the insuring agreement under SECTION I – COVERAGES, COVERAGE C. MEDICAL PAYMENTS, which provides in part as follows:

> "COVERAGE C MEDICAL PAYMENTS
>
> 1. Insuring Agreement
>
>    a. We will pay medical expenses as described below for "bodily injury" caused by an accident:
>
>       (1) On premises you own or rent;
>
>       (2) On ways next to premises you own or rent; or
>
>       (3) Because of your operations;
>
>    provided that:
>
>       (1) The accident takes place in the "coverage territory" and during the policy period;
>
>       (2) The expenses are incurred and reported to us within one year of the date of the accident; and
>
>       (3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.
>
>    b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:
>
>       (1) First aid administered at the time of an accident;
>
>       (2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and
>
>       (3) Necessary ambulance, hospital, professional nursing and funeral services.
>
> 2. Exclusions
>
>    We will not pay expenses for "bodily injury":
>
>    a. Any Insured
>
>       To any insured, except "volunteer workers".

Exhibit 4
Page 7 of 8 Pages

Kevin F. Fitzgerald
Ingaldson, Maassen, Fitzgerald, PC
March 15, 2006
Page 8

      b.    **Hired Person**

            To a person hired to do work for or on behalf of any insured or a tenant of any insured.

      d.    **Workers Compensation And Similar Laws**

            To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

      g.    **Coverage A Exclusions**

            Excluded under Coverage A."

In the event there would be a claim for benefits under the medical payments provision of the policy, as you can see from the policy language referenced, no medical payments coverage is provided for "bodily injury" to any insured or to a person hired to do work for any insured. The First Amended Complaint clearly alleges that Keith Jones was employed by Titan Enterprises LLC and that he was working in the course and scope of his employment at the time of his injury. Pursuant to the above referenced policy language, no coverage would be provided for any medical payments under the policy.

Consequently, based on the policy language, exclusions and endorsements referenced above, Great Divide Insurance Company is not in a position to provide for the defense of the First Amended Complaint or for indemnification for the claim being made by Keith Jones. We suggest that Todd Christianson and Titan Enterprises LLC dba Titan Top Soil immediately refer the First Amended Complaint to any other carrier(s) they may have for further handling.

Great Divide Insurance Company, by this letter and by its investigation conducted, does not waive nor invalidate any of the other terms, conditions, exclusions or endorsements in the policy. We specifically reserve the right to exercise any of the other terms, conditions, exclusions or endorsements of this policy which now exist or may later become apparent. Great Divide Insurance Company specifically reserves the right to bring an action to declare the obligations and responsibilities of the parties hereto under the contract of insurance in question, at any time after the date of this letter.

We ask that you immediately clarify and provide for our consideration any additional information or facts you currently have in your possession or may develop in the future that may change our decision regarding coverage of this loss; additionally, we would request that your provide us with any further Amended Complaints that are filed in relation to this matter, so that we may continue to review this matter for coverage.

If upon receipt of this letter you have any further questions or concerns, please feel free to contact me at your convenience.

Sincerely,
Great Divide Insurance Company

Michael Henning
Lead Examiner

cc: Agency # 4603 – Superior Underwriters

    Roger F. Holmes
    Biss & Holmes
    3948 Clay Products Drive
    Anchorage, AK 99517

Exhibit 4
Page 8 of 8 Pages