Roger F. Holmes, Esq.
BISS & HOLMES
3948 Clay Products Drive
Anchorage, Alaska 99517
Telephone: (907) 248-8013
Facsimile: (907) 243-6695
E-mail: roger.bh@gci.net
Attorneys for Plaintiff
Great Divide Insurance Company


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| GREAT DIVIDE INSURANCE COMPANY,<br><br>Plaintiff.<br><br>vs.<br><br>Todd Christianson, and d/b/a Great Alaska Lawn and Landscaping, Inc.; and Keith Jones,<br>Defendants. | Case No. 3:06-cv-00060 TMB<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Todd Christianson owns several local Anchorage businesses through which he provides landscaping and other related services, including Great Alaska Lawn and Landscaping, Inc., Titan Enterprises, LLC and Titan Topsoil, Inc. In approximately 1995 he purchased a hydro seeder through Great Alaska Lawn.[1] In 2002 Great Alaska was dissolved as a corporation by the State of

---

[1] Attachment A, Christianson depo, pages 17-20.

PLAINTIFF'S MEMO RE SJ
GREAT DIVIDE V. CHRISTIANSON
CASE NO. 3:06-cv-00060 TMB                    1

Alaska.[2]  Christianson began using the two Titan companies to conduct his landscaping business.

On June 5, 2003, Keith Jones lost his leg in an industrial accident.[3]  He was employed at the time by Titan Enterprises, LLC.[4]  Workers compensation was paid to him through that company's workers compensation carrier.[5]  The accident was allegedly caused by defects in the hydro seeder on which he was working when his leg became caught in the auger.[6]  Suit was filed by Jones against Christianson personally and d/b/a Great Alaska Lawn.[7]  There was no written arrangement by which Titan Enterprises, LLC was using the hydro seeder and Christianson was unable to answer who the owner of the hydro seeder was at the time of the accident.  It was purchased by Great Alaska.  Titan Enterprises used it whenever they needed it[8]

---

[2]Christianson depo, pages 9 and 10.

[3]Docket #1, exhibit 2 paragraph 2.

[4]Docket #1, exhibit 2 paragraph 11 and Christianson depo, pages 10, 11, 12, 16, 23, 33 and 34.

[5]Christianson depo, page 15, line 5-18.

[6]Docket #1, exhibit 2 paragraphs 2 and 6.

[7]Docket #1, exhibit 2.

[8]Christianson depo, pages 12-14 and 17-20.

Plaintiff issued a general liability insurance policy to Titan Enterprises.[9]  Christianson tendered the defense of the Jones lawsuit to the plaintiff.[10]  Plaintiff denied the tender and filed this declaratory judgment action seeking a declaration that Great Divide has no duty to defend Christianson and Great Alaska and Great Divide has no duty to pay any judgment rendered against them and in favor of Jones.[11]  Plaintiff by this motion is seeking a ruling that there is no coverage under its policy providing either defense or indemnity to Christianson and Great Alaska for the injuries sustained by Mr. Jones.  There is no coverage for this claim for the following reasons.

## I. Christianson is not an insured under the policy for this claim.

Neither Christianson nor Great Alaska was a "named insured" under the policy.[12]  However, Christianson was an "insured" under the policy with respect to his duties as an owner of the LLC.[13]

---

[9]Docket #1, exhibit 1.

[10]Docket #1, exhibit 3.

[11]Docket #1, exhibit 4.

[12]Docket #1, exhibit 1 pp 1.

[13]Docket #1, exhibit 1 pp 1, 11 and 19.  "Who is an Insured, 1. c. A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers."

Mr. Jones' lawsuit does not make any claims against Christianson with respect to his duties on behalf of Titan Enterprises, LLC.[14] Christianson is sued only in his individual capacity as owner of Great Alaska.[15] He is not insured in his individual capacity or in his capacity as owner of Great Alaska. Thus, for purposes of this lawsuit, Christianson is not an insured under the policy and has no right to claim coverage for the claims against him by Jones.

## II. Injury to an employee of the insured is excluded by the policy.

This policy does not provide coverage for employer's liability which is defined as follows:

> Exclusions. This insurance does not apply to: e. Employer's Liability. "Bodily injury" to:
> (1) An "employee" of the insured arising out of and in the course of"
> (a) Employment by the insured; or
> (b) Performing duties related to the conduct of the insured's business; or
> The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (a) above.
> This exclusion applies:
> (1) Whether the insured may be liable as an employer or in any other capacity; and
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

---

[14]Docket #1, exhibit 2. Nor could he, since any such claim would be barred by the Alaska workers compensation exclusive remedy provision. AS 23.30.055.

[15]Docket #1, exhibit 2 paragraphs 9, 10 and 30-37.

> As respects this endorsement only, the definition of "Employee" in the DEFINITIONS (Section V) is replaced by the following"
> "Employee" shall include, but is not limited to, any person or persons hired by, loaned to, leased to, contracted for, or volunteering services to the insured, whether or not paid by the insured.[16]

Jones was an employee of Titan Enterprises, LLC. Titan Enterprises, LLC is the named insured on the policy.[17] At the time of his accident Jones was acting within the scope of his employment.[18] Since Christianson was the president, manager and sole owner of Titan Enterprises, LLC, he too was Jones' employer.[19] Although Christianson's status as Jones' employer is irrelevant since the employee exclusion applies to Christianson whether he is sued in his capacity as an employer or "any other capacity."

---

[16]Docket #1, exhibit 1 pp 12 and 28. The actual policy language was replaced by Endorsement S127.

[17]Docket #1, exhibit 1, page 19. "Section II - WHO IS AN INSURED. c. A limited liability company, you are an insured." And see page 1 listing Titan Enterprises, LLC as the named insured under the policy.

[18]Docket #1, exhibit 2 paragraph 11, Christianson depo, pages 33 and 34.

[19]Christianson depo, page 5, lines 13 and 14, page 7, lines 1-13 and page 12, lines 10-20.

Titan's insurance broker was Mike Dennis of C.H.I. of Alaska.[20] Dennis opined that employees are never covered under a general liability policy.[21]

### III. Injury caused by a machine attached to a licensed road vehicle is excluded by the policy.

Jones was injured while working on a hydro seeder.[22] The hydro seeder was mounted on top of a truck which was licensed by the State of Alaska for use on the State highway system.[23] The policy also excludes coverage for any injury arising out of the use of the hydro seeder.

> Exclusions.  This insurance does not apply to: g.
> Aircraft, Auto or Watercraft.
> "Bodily injury" or "property damage" arising out of
> the ownership, maintenance, use or entrustment to
> others of any aircraft, "auto" or watercraft owned or
> operated by or rented or loaned to any insured.  Use
> includes operation and "loading or unloading".
> This exclusion applies even if the claims against any
> insured allege negligence or other wrongdoing in the
> supervision,   hiring,   employment,   training   or

---

[20]Christianson depo, pages 6, 26 and 28; and Attachment B, Dennis depo, pages 5, 9, 10, and 12.

[21]Dennis depo, page 30.

[22]Docket #1, exhibit 2 paragraphs 2 and 6.

[23]Attachment C, Anchorage Police Department report of industrial accident. "The apparent lone operator of the vehicle, later identified as KEITH JONES, was working on top of the truck when his right leg became caught and entangled in the shredder area inside the truck's hydro seed apparatus."

monitoring of others by that insured, if the
"occurrence" which caused the "bodily injury" or
"property damage" involved the ownership, maintenance,
use or entrustment to others of any aircraft, "auto"
or watercraft that is owned or operated by or rented
or loaned to any insured.[24]

SECTION V - DEFINITIONS
2. "Auto" means a land motor vehicle, trailer or
semitrailer designed for travel on public roads,
**including any attached machinery or equipment.** But "auto"
does not include "mobile equipment".[25]

Mike Dennis opined that liability arising out of the ownership,

maintenance and use of autos is never covered under a general

liability policy.[26]

## IV. The policy does not provide Med Pay coverage for Jones' injuries.

The policy also provides coverage for medical payments which

are made for bodily injury regardless of fault.[27] However, these

payments too are excluded under the policy.

2. Exclusions
We will not pay expenses for "bodily injury":
b.  Hired Person
To a person hired to do work for or on behalf of any
insured or a tenant of any insured.
d. Workers Compensation and Similar Laws
To a person, whether or not an "employee" of any
insured, if benefits for the "bodily injury" are

---

[24]Docket #1, exhibit 1 page 14.

[25]Docket #1, exhibit 1 page 22.

[26]Dennis depo, page 43.

[27]Docket #1, exhibit 1 page 17.

payable   or   must   be   provided   under   a   workers'
compensation or disability benefits law or a similar
law.
g.  Coverage A Exclusions
Excluded under Coverage A.[28]

There are no material issues of fact.  The policy language
is clear and unambiguous.  Injuries to employees are covered
under workers compensation policies.  Christianson covered Jones
under his workers compensation policy.  Vehicles are covered
under auto policies.  The fact that Christianson failed to cover
this hydro seeder under his auto policy should not lead him to
reasonably expect coverage under this general liability policy.
Such an expectation would be unreasonable.[29]  Summary judgment
should be granted.

DATED at Anchorage, Alaska, this 14th day of December, 2006.

BISS & HOLMES
Attorneys for Plaintiff
GREAT DIVIDE INSURANCE CO.

s/Roger F. Holmes
3948 Clay Products Drive
Anchorage, Alaska 99517-1014
(907) 248-8013 Phone
(907) 243-6695 Fax
E-mail: roger.bh@gci.net
Alaska Bar No. 7011060

---

[28]Docket #1, exhibit 1 page 17.

[29]Dugan v. Atlanta Casualty Companies, 113 P. 3d 652, 654
(AK 2005) and Cole v. State Farm Insurance Company,128 P.3d 171
174 (AK 2006).

PLAINTIFF'S MEMO RE SJ
GREAT DIVIDE V. CHRISTIANSON
CASE NO. 3:06-cv-00060 TMB          8

CERTIFICATE OF SERVICE
I hereby certify that on
December 14, 2006, a copy of
foregoing Memorandum In Support
of Plaintiff's Motion For Summary Judgment
was served electronically on:

Kevin T. Fitzgerald, Esq.

Michael W. Flanigan, Esq.

s/Roger F. Holmes