Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREAT DIVIDE INSURANCE )
COMPANY, )
 )
         Plaintiff, )
 )
    vs. )
 )
Todd Christianson, and )
d/b/a Great Alaska Lawn )
and Landscaping, Inc.; and )
Keith Jones, )
 )
         Defendants. )
_____ )

Case No 3:06-CV-00060 TMB

DEPOSITION OF TODD R. CHRISTIANSON

October 26, 2006

APPEARANCES:

   FOR THE PLAINTIFF:         MR. MICHAEL W. FLANIGAN
                              Walther & Flanigan
                              Attorneys at Law
                              1029 West Third Avenue
                              Suite 250
                              Anchorage, Alaska  99501
                              (907) 279-9999

   FOR THE DEFENDANTS:        MR. ROGER F. HOLMES
                              Biss & Holmes
                              Attorneys at Law
                              3948 Clay Product Drive
                              Anchorage, Alaska  99517
                              (907) 248-8013

   FOR THE DEPONENT:          MR. KEVIN T. FITZGERALD
                              Ingaldson Maassen & Fitzgerald
                              Attorneys at Law
                              813 West Third Avenue
                              Anchorage, Alaska  99501
                              (907) 258-8750



Exhibit ___A___
Page __1__ of _21_ Pages

Page 5

| | | |
|---|---|---|
| 1 | | the Keith Jones matter? |
| 2 | A | Yes. |
| 3 | Q | Okay. And you're aware he worked for one of your |
| 4 | | companies when he was injured, correct? |
| 5 | A | Yes. |
| 6 | Q | Okay. And I have the date of injury as June 5 of |
| 7 | | '03. I think that's the correct date. And we're |
| 8 | | here to -- not necessarily to get into the underlying |
| 9 | | aspects of that accident but into some of the |
| 10 | | relationships of your companies and your insurance |
| 11 | | coverage. Can you tell me in 2003 what business |
| 12 | | entities did you own? |
| 13 | A | I was president of Titan Enterprises, Titan Topsoil. |
| 14 | | Partnerships too, also? |
| 15 | Q | Okay. |
| 16 | A | RTH, LLC. |
| 17 | Q | Okay. |
| 18 | A | Alaska Sports. |
| 19 | Q | Anything else? |
| 20 | A | And that's as of '03? |
| 21 | Q | Yeah. |
| 22 | A | Well, I got a nonprofit too. I mean -- Anchorage Junior |
| 23 | | Aces. ANC Properties. |
| 24 | Q | Pardon? |
| 25 | A | ANC Properties. |

Exhibit  A
Page  2  of  21  Pages

Page 6

| | | |
|---|---|---|
| 1 | Q | And who was your insurance broker in 2003? |
| 2 | A | For which entity? |
| 3 | Q | Did you have different insurance brokers for different |
| 4 | | entities? |
| 5 | A | Well, my nonprofit had its -- you know, had its own. |
| 6 | Q | What about Titan -- Titan Enterprises, Titan Topsoil? |
| 7 | A | CHI. |
| 8 | Q | And how long had CHI been your broker? |
| 9 | A | I believe two years. |
| 10 | Q | And is there a particular agent that you -- broker that |
| 11 | | you worked with over there? |
| 12 | A | Mike Dennis. |
| 13 | Q | Are they still your -- your broker? |
| 14 | A | No. |
| 15 | Q | And who is it now? |
| 16 | A | Alex Tate, Tate Insurance Services. |
| 17 | Q | And when did you switch? |
| 18 | A | I -- I went to Ribelin Lowell after that. |
| 19 | Q | Okay. So..... |
| 20 | A | I believe it was '04. |
| 21 | Q | And then to Tate? |
| 22 | A | Yeah. |
| 23 | Q | So Titan Enterprises, was that a corporation? What was |
| 24 | | the structure of Titan Enterprises? |
| 25 | A | Limited -- I think limited liability. |

Exhibit __A__
Page __3__ of __21__ Pages

Page 7

1  Q   And who was the owner of Titan Enterprises?
2  A   I believe I -- I'm 100 percent.
3  Q   And were you the managing partner or the managing owner?
4  A   Yeah, yeah.
5  Q   Whether you were -- well, did you have a title there with
6      Titan?
7  A   President.
8  Q   Okay. Forgive my ignorance, I'm not a corporate
9      lawyer. So I don't know whether LLCs have presidents
10     or not but -- but you were the -- you were the main
11     manager.....
12 A   Yes.
13 Q   .....of Titan Enterprises? What -- what about Titan
14     Topsoil?
15 A   I'm the president. It's an incorporation.
16 Q   And are you the 100 percent owner?
17 A   Yes.
18 Q   And -- and you've always been the 100 percent owner,
19     correct?
20 A   I started in a partnership in '95. It was -- I was a
21     partner with a person in '95 and then.....
22 Q   Okay.
23 A   But as of the last 10 years.
24 Q   Okay. And what was the nature of Titan Enterprises'
25     business?

Exhibit ___A___
Page __4__ of _21_ Pages

Page 9

| | | |
|---|---|---|
| 1 | A | I did have Gage Development also. |
| 2 | Q | What was Gage Development? |
| 3 | A | A real estate company. |
| 4 | Q | So that had nothing to do with the landscaping work? |
| 5 | A | No. |
| 6 | Q | Okay. What about Great Alaska Lawn and Landscaping? |
| 7 | A | What about it? |
| 8 | Q | Well, one time you owned a corporation called Gage -- |
| 9 | | Great Alaska Lawn and Landscaping, correct? |
| 10 | A | Correct. |
| 11 | Q | You were 100 percent owner? |
| 12 | A | Correct. |
| 13 | Q | And at some point in time that corporation was |
| 14 | | dissolved by the state? |
| 15 | A | Correct. |
| 16 | Q | Somewhere before this accident, right? |
| 17 | A | Correct. |
| 18 | Q | And what -- why was -- what did Great Alaska Lawn and |
| 19 | | Landscaping do? |
| 20 | A | Landscaping, site work. It was mostly a landscaping |
| 21 | | contractor. |
| 22 | Q | And -- and why did you let that corporation lapse? |
| 23 | A | Financial and marketing reasons. |
| 24 | Q | Okay. And do you recall when it lapsed? |
| 25 | A | I think it was November of '02 is when the state dissolved |

Exhibit A
Page 5 of 21 Pages

TODD CHRISTIANSON                 10/26/2006          GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                              3:06-CV-00060

Page 10

1           it, is my understanding.
2    Q     Okay.  And that's what the corporate records show.
3    A     Yeah.
4    Q     And when is the last time -- in 2002 did you do any
5           work under Great Alaska Lawn?
6    A     Yes.
7    Q     Landscaping work?
8    A     Yes.
9    Q     Okay.  What about in 2003?
10   A     No.
11   Q     Okay.  In 2003 did Great Alaska Lawn have any employees?
12   A     No.
13   Q     Did you do any business in 2003 as Great Alaska Lawn?
14   A     No.
15   Q     Did Great Alaska Lawn own any assets?
16   A     In 2003?
17   Q     Yes.
18   A     Yes.
19   Q     What did they own?  Well, let me back up.  I don't
20          need a list of everything they owned.
21   A     Yeah.
22   Q     Did they own the hydro seeder that was -- that's the
23          subject of the underlying lawsuit?
24   A     I'm not sure.
25   Q     Okay.  So at the time of this accident Mr. Jones was

Exhibit ___A___
Page __6__ of _21_ Pages

Computer Matrix, LLC              Phone - 907-243-0668              jpk@gci.net
310 K Street, Suite 200           Fax     907-243-1473              sahile@gci.net

```
 1          -- what was he engaged -- what activity was he
 2          engaged in?
 3   A      At the time of the accident?
 4   Q      Right.
 5   A      He was a hydro-seed foreman and he was an expediter and
 6          driver.
 7   Q      Okay.  And which of your companies did he work for?
 8   A      At the time of the accident?
 9   Q      Right.
10   A      Titan Enterprises.
11   Q      And what activity was he -- at the moment he was hurt
12          what is it that he was supposed to be doing or what
13          was he doing?  I mean was he hydro seeding?  Was he
14          -- was he working on a project at the time?
15   A      I believe he was -- he was filling up the tank and getting
16          ready to go shoot a project.
17   Q      Okay.  A landscaping project?
18   A      Yes.
19   Q      And who had the contract for that project then?
20   A      Titan Enterprise would have.
21   Q      Okay.  And the driver of the -- there are two people that
22          are necessary to operate that rig, right?
23   A      Not necessarily.
24   Q      Were there two people at the tim?
25   A      No.
```

Exhibit ___A___
Page ___7___ of ___21___ Pages

TODD CHRISTIANSON                    10/26/2006              GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                                    3:06-CV-00060

Page 12

| | | |
|---|---|---|
| 1 | Q | Okay. So one person can operate the truck and -- and |
| 2 | | do the hydro seeding all at the same time? |
| 3 | A | Well, one person can operate the truck. |
| 4 | Q | Okay. So no one was working with Jones at the time? |
| 5 | A | No. |
| 6 | Q | Okay. But he was -- the contract for the hydro |
| 7 | | seeding was with Titan Enterprises and he was on the |
| 8 | | Titan Enterprises' payroll that day? |
| 9 | A | Correct. |
| 10 | Q | Okay. So -- and your position in Titan Enterprises |
| 11 | | was you were the president, correct? |
| 12 | A | And sole -- yeah, sole shareholder. |
| 13 | Q | And sole shareholder. And were you also a day-to-day |
| 14 | | manager? Did you -- did you direct any of the activities |
| 15 | | of the employees? |
| 16 | A | I have a general manager. |
| 17 | Q | Who reports to you? |
| 18 | A | Yeah. |
| 19 | Q | And then you supervise the general manager? |
| 20 | A | Yes. |
| 21 | Q | Okay. At the time of this accident who owned this -- |
| 22 | | am I using the correct term, a hydro seeder? |
| 23 | A | Yeah. |
| 24 | Q | Okay. Who owned it? |
| 25 | A | Probably me, Great Alaska Lawn, me. I mean..... |

Exhibit  A
Page  8  of  21  Pages

Computer Matrix, LLC           Phone - 907-243-0668           jpk@gci.net
310 K Street, Suite 200        Fax     907-243-1473           sahile@gci.net

TODD CHRISTIANSON                10/26/2006          GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                            3:06-CV-00060

Page 13

| | | |
|---|---|---|
| 1 | Q | And why do you say probably me? |
| 2 | A | Well, I mean I don't know -- I mean we had dissolved Great Alaska Lawn. |
| 4 | Q | Okay. Let me back up a little bit. I have some familiarity because I've seen some of the..... |
| 6 | A | Right; yeah, you know. |
| 7 | Q | .....documents that you've -- you've given. You purchased this from a company called On No Construction; is that..... |
| 10 | A | Yes. |
| 11 | Q | .....is that right? And, what, you purchased it through Great Alaska Lawn; is that..... |
| 13 | A | Correct. |
| 14 | Q | And then did you ever transfer the title out of Great Alaska Lawn? |
| 16 | A | I never got a title. |
| 17 | Q | You never got a title? |
| 18 | A | (No audible response) |
| 19 | Q | All right. So Great Alaska Lawn paid for it, correct, or do you know? |
| 21 | A | I don't know. |
| 22 | Q | Okay. |
| 23 | A | I really don't. |
| 24 | Q | So -- but Titan Enterprises didn't own it? |
| 25 | A | I don't know. They were using it. |

Exhibit A
Page 9 of 21 Pages

Computer Matrix, LLC              Phone - 907-243-0668              jpk@gci.net
310 K Street, Suite 200           Fax    907-243-1473               sahile@gci.net

TODD CHRISTIANSON                          10/26/2006            GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                                      3:06-CV-00060

Page 14

| | | |
|---|---|---|
| 1 | Q | Was there any agreement between you or Great Alaska and |
| 2 | | Titan Enterprises to..... |
| 3 | A | No. |
| 4 | Q | Okay.  Nothing in writing? |
| 5 | A | No. |
| 6 | Q | Did -- did Titan Enterprises pay anybody for the use |
| 7 | | of this?  Did they pay you separately? |
| 8 | A | No. |
| 9 | Q | Okay.  Was it paid off? |
| 10 | A | Yeah. |
| 11 | Q | And is there maintenance required on it? |
| 12 | A | Was there maintenance required on it; yeah. |
| 13 | Q | Yeah, I mean you got to change the oil, right, and..... |
| 14 | A | Yeah. |
| 15 | Q | .....replace broken parts, et cetera?  So who was paying |
| 16 | | for the maintenance and the upkeep on it? |
| 17 | A | Titan Enterprises, I assume.  Like you're talking in |
| 18 | | '03? |
| 19 | Q | Yeah. |
| 20 | A | Uh-huh.  (Affirmative) |
| 21 | | (Deposition Exhibit 1 marked) |
| 22 | | MR. HOLMES:  He's got a copy for you. |
| 23 | Q | You can take a second and read that.  I'm sure you've seen |
| 24 | | that before. |
| 25 | | MR. HOLMES:  Did you mark this as one? |

Exhibit  A
Page  10  of  21  Pages

Computer Matrix, LLC                Phone - 907-243-0668              jpk@gci.net
310 K Street, Suite 200             Fax    907-243-1473               sahile@gci.net

TODD CHRISTIANSON                10/26/2006              GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                   3:06-CV-00060

Page 15

```
 1              REPORTER:  One, yes, sir.
 2              MR. FITZGERALD:  Have you got that marked as one?
 3              MR. HOLMES:  We do.
 4       A      Okay.
 5       Q      Before we talk about that, did you have workers'
 6              compensation insurance for Titan Enterprises?
 7       A      Yes.
 8       Q      And is -- did -- Todd [sic] Jones, did he collect
 9              unemploy -- or workers' compensation insurance as a
10              result of that accident?
11       A      Todd Jones?
12       Q      Or, excuse me, Keith Jones.
13       A      Yes.
14       Q      Okay.  Is the file still open; do you know or.....
15       A      I don't know.
16       Q      Okay.  But a claim was made and paid by your comp
17              carrier, correct?
18       A      Right.
19       Q      Okay.  This Exhibit 1 is a three-page document.
20              MR. HOLMES:  And, Kevin, those may be your Bates numbers
21       at the bottom.  Are they?
22              MR. FITZGERALD:  I don't believe they are.
23              MR. HOLMES:  I don't know whose Bates numbers they are.
24       Q      But there was an OSHA investigation; do you recall that?
25       A      Yeah.
```

Exhibit ___A___
Page __11__ of _21_ Pages

Computer Matrix, LLC            Phone - 907-243-0668                jpk@gci.net
310 K Street, Suite 200         Fax     907-243-1473                sahile@gci.net