TODD CHRISTIANSON                    10/26/2006                 GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                          3:06-CV-00060

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREAT DIVIDE INSURANCE
COMPANY,

        Plaintiff,

vs.

Todd Christianson, and
d/b/a Great Alaska Lawn
and Landscaping, Inc.; and
Keith Jones,

        Defendants.

Case No. 3:06-CV-00060 TMB

DEPOSITION OF TODD R. CHRISTIANSON

October 26, 2006

APPEARANCES:

  FOR THE PLAINTIFF:     MR. MICHAEL W. FLANIGAN
                         Walther & Flanigan
                         Attorneys at Law
                         1029 West Third Avenue
                         Suite 250
                         Anchorage, Alaska  99501
                         (907) 279-9999

  FOR THE DEFENDANTS:    MR. ROGER F. HOLMES
                         Biss & Holmes
                         Attorneys at Law
                         3948 Clay Products Drive
                         Anchorage, Alaska  99517
                         (907) 248-8013

  FOR THE DEPONENT:      MR. KEVIN T. FITZGERALD
                         Ingaldson Maassen & Fitzgerald
                         Attorneys at Law
                         813 West Third Avenue
                         Anchorage, Alaska  99501
                         (907) 258-8750



Exhibit  A
Page  1  of  21  Pages

Computer Matrix, LLC        Phone - 907-243-0668        jpk@gci.net
310 K Street, Suite 200        Fax    907-243-1473        sahile@gci.net

Exhibit 7
Page 1 of 10 Pages

TODD CHRISTIANSON          10/26/2006          GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                         3:06-CV-00060

Page 6

```
 1            the Keith Jones matter?
 2    A       Yes.
 3    Q       Okay. And you're aware he worked for one of your
 4            companies when he was injured, correct?
 5    A       Yes.
 6    Q       Okay. And I have the date of injury as June 5 of
 7            '03. I think that's the correct date. And we're
 8            here to -- not necessarily to get into the underlying
 9            aspects of that accident but into some of the
10            relationships of your companies and your insurance
11            coverage. Can you tell me in 2003 what business
12            entities did you own?
13    A       I was president of Titan Enterprises, Titan Topsoil.
14            Partnerships too, also?
15    Q       Okay.
16    A       RTH, LLC.
17    Q       Okay.
18    A       Alaska Sports.
19    Q       Anything else?
20    A       And that's as of '03?
21    Q       Yeah.
22    A       Well, I got a nonprofit too. I mean -- Anchorage Junior
23            Aces. ANC Properties.
24    Q       Pardon?
25    A       ANC Properties.
```

Exhibit ___A___
Page __2__ of __21__ Pages

Computer Matrix, LLC          Phone - 907-243-0668          jpk@gci.net
310 K Street, Suite 200       Fax     907-243-1473          sahile@gci.net

Exhibit 7
Page 2 of 10 Pages

TODD CHRISTIANSON                10/26/2006            GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                 3:06-CV-00060

Page 6

1   Q   And who was your insurance broker in 2003?
2   A   For which entity?
3   Q   Did you have different insurance brokers for different
4       entities?
5   A   Well, my nonprofit had its -- you know, had its own.
6   Q   What about Titan -- Titan Enterprises, Titan Topsoil?
7   A   CHI.
8   Q   And how long had CHI been your broker?
9   A   I believe two years.
10  Q   And is there a particular agent that you -- broker that
11      you worked with over there?
12  A   Mike Dennis.
13  Q   Are they still your -- your broker?
14  A   No.
15  Q   And who is it now?
16  A   Alex Tate, Tate Insurance Services.
17  Q   And when did you switch?
18  A   I -- I went to Ribelin Lowell after that.
19  Q   Okay. So.....
20  A   I believe it was '04.
21  Q   And then to Tate?
22  A   Yeah.
23  Q   So Titan Enterprises, was that a corporation? What was
24      the structure of Titan Enterprises?
25  A   Limited -- I think limited liability.

Exhibit A
Page 3 of 21 Pages

Computer Matrix, LLC          Phone - 907-243-0668        jpk@gci.net
310 K Street, Suite 200       Fax    907-243-1473         sahile@gci.net

Exhibit 7
Page 3 of 10 Pages

TODD CHRISTIANSON                    10/26/2006            GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                     3:06-CV-00060

Page 9

1  Q   And who was the owner of Titan Enterprises?
2  A   I believe I -- I'm 100 percent.
3  Q   And were you the managing partner or the managing owner?
4  A   Yeah, yeah.
5  Q   Whether you were -- well, did you have a title there with
6      Titan?
7  A   President.
8  Q   Okay. Forgive my ignorance, I'm not a corporate
9      lawyer. So I don't know whether LLCs have presidents
10     or not but -- but you were the -- you were the main
11     manager.....
12 A   Yes.
13 Q   .....of Titan Enterprises? What -- what about Titan
14     Topsoil?
15 A   I'm the president. It's an incorporation.
16 Q   And are you the 100 percent owner?
17 A   Yes.
18 Q   And -- and you've always been the 100 percent owner,
19     correct?
20 A   I started in a partnership in '95. It was -- I was a
21     partner with a person in '95 and then.....
22 Q   Okay.
23 A   But as of the last 10 years.
24 Q   Okay. And what was the nature of Titan Enterprises'
25     business?

Exhibit A
Page 4 of 21 Pages

Computer Matrix, LLC          Phone - 907-243-0668        jpk@gci.net
310 K Street, Suite 200       Fax    907-243-1473         sahile@gci.net

Exhibit 7
Page 4 of 10 Pages

TODD CHRISTIANSON                10/26/2006           GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                3:06-CV-00060

Page 9

| | | |
|---|---|---|
| 1 | A | I did have Gage Development also. |
| 2 | Q | What was Gage Development? |
| 3 | A | A real estate company. |
| 4 | Q | So that had nothing to do with the landscaping work? |
| 5 | A | No. |
| 6 | Q | Okay. What about Great Alaska Lawn and Landscaping? |
| 7 | A | What about it? |
| 8 | Q | Well, one time you owned a corporation called Gage -- Great Alaska Lawn and Landscaping, correct? |
| 10 | A | Correct. |
| 11 | Q | You were 100 percent owner? |
| 12 | A | Correct. |
| 13 | Q | And at some point in time that corporation was dissolved by the state? |
| 15 | A | Correct. |
| 16 | Q | Somewhere before this accident, right? |
| 17 | A | Correct. |
| 18 | Q | And what -- why was -- what did Great Alaska Lawn and Landscaping do? |
| 20 | A | Landscaping, site work. It was mostly a landscaping contractor. |
| 22 | Q | And -- and why did you let that corporation lapse? |
| 23 | A | Financial and marketing reasons. |
| 24 | Q | Okay. And do you recall when it lapsed? |
| 25 | A | I think it was November of '02 is when the state dissolved |

Exh. A
Page 2 of 71

Computer Matrix, LLC                Phone - 907-243-0668          jpk@gci.net
310 K Street, Suite 200             Fax     907-243-1473          sahile@gci.net

Exhibit 7
Page 5 of 10 Pages

TODD CHRISTIANSON                10/25/2006           GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                3:06-CV-0060

Page 16

1     It is my understanding.
2  Q  Okay. And that's what the corporate records show.
3  A  Yeah.
4  Q  And when is the last time -- in 2002 did you do any
5     work under Great Alaska Lawn?
6  A  Yes.
7  Q  Landscaping work?
8  A  Yes.
9  Q  Okay. What about in 2003?
10 A  No.
11 Q  Okay. In 2003 did Great Alaska Lawn have any employees?
12 A  No.
13 Q  Did you do any business in 2003 as Great Alaska Lawn?
14 A  No.
15 Q  Did Great Alaska Lawn own any assets?
16 A  In 2003?
17 Q  Yes.
18 A  Yes.
19 Q  What did they own? Well, let me back up. I don't
20    need a list of everything they owned.
21 A  Yeah.
22 Q  Did they own the hydro seeder that was -- that's the
23    subject of the underlying lawsuit?
24 A  I'm not sure.
25 Q  Okay. So at the time of this accident Mr. Jones was

Computer Matrix, LLC              Phone - 907-243-0668       jpk@gci.net
310 K Street, Suite 200           Fax    907-243-1473        sahile@gci.net

Exhibit 7
Page 6 of 10 Pages

TODD CHRISTIANSON                    10/26/2006              GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                       3:06-CV-00060

Page 11

```
 1         -- what was he engaged -- what activity was he
 2         engaged in?
 3    A    At the time of the accident?
 4    Q    Right.
 5    A    He was a hydro-seed foreman and he was an expediter and
 6         driver.
 7    Q    Okay.  And which of your companies did he work for?
 8    A    At the time of the accident?
 9    Q    Right.
10    A    Titan Enterprises.
11    Q    And what activity was he -- at the moment he was hurt
12         what is it that he was supposed to be doing or what
13         was he doing?  I mean was he hydro seeding?  Was he
14         -- was he working on a project at the time?
15    A    I believe he was -- he was filling up the tank and getting
16         ready to go shoot a project.
17    Q    Okay.  A landscaping project?
18    A    Yes.
19    Q    And who had the contract for that project then?
20    A    Titan Enterprise would have.
21    Q    Okay.  And the driver of the -- there are two people that
22         are necessary to operate that rig, right?
23    A    Not necessarily.
24    Q    Were there two people at the time?
25    A    No.
```

Exhibit A
Page 7 of 21 Pages

Computer Matrix, LLC                Phone - 907-243-0668           jpk@gci.net
310 K Street, Suite 200             Fax   - 907-243-1473           sahile@gci.net

Exhibit 7
Page 7 of 10 Pages

TODD CHRISTIANSON    10/25/2006    GREAT DIVIDE v. CHRISTIANSON
Vol. 1                              3:06-CV-00060

Page 12

1  Q  Okay. So one person can operate the truck and -- and
2     do the hydro seeding all at the same time?
3  A  Well, one person can operate the truck.
4  Q  Okay. So no one was working with Jones at the time?
5  A  No.
6  Q  Okay. But he was -- the contract for the hydro
7     seeding was with Titan Enterprises and he was on the
8     Titan Enterprises' payroll that day?
9  A  Correct.
10 Q  Okay. So -- and your position in Titan Enterprises
11    was you were the president, correct?
12 A  And sole -- yeah, sole shareholder.
13 Q  And sole shareholder. And were you also a day-to-day
14    manager? Did you -- did you direct any of the activities
15    of the employees?
16 A  I have a general manager.
17 Q  Who reports to you?
18 A  Yeah.
19 Q  And then you supervise the general manager?
20 A  Yes.
21 Q  Okay. At the time of this accident who owned this --
22    am I using the correct term, a hydro seeder?
23 A  Yeah.
24 Q  Okay. Who owned it?
25 A  Probably me, Great Alaska Lawn, me. I mean.....

Exhibit A
Page 8 of 21 Pages

Computer Matrix, LLC          Phone - 907-243-0668      jpk@gci.net
310 K Street, Suite 200       Fax   - 907-243-1473      sahile@gci.net

Exhibit 7
Page 8 of 10 Pages

TODD CHRISTIANSON                    10/26/2006         GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                  3:06-CV-00060

Page 13

1   Q   And why do you say probably me?
2   A   Well, I mean I don't know -- I mean we had dissolved
3       Great Alaska Lawn.
4   Q   Okay. Let me back up a little bit. I have some
5       familiarity because I've seen some of the.....
6   A   Right, yeah, you know.
7   Q   .....documents that you've -- you've given. You purchased
8       this from a company called Oz No Construction; is
9       that.....
10  A   Yes.
11  Q   .....is that right? And, what, you purchased it
12      through Great Alaska Lawn; is that.....
13  A   Correct.
14  Q   And then did you ever transfer the title out of Great
15      Alaska Lawn?
16  A   I never got a title.
17  Q   You never got a title?
18  A   (No audible response)
19  Q   All right. So Great Alaska Lawn paid for it,
20      correct, or do you know?
21  A   I don't know.
22  Q   Okay.
23  A   I really don't.
24  Q   So -- but Titan Enterprises didn't own it?
25  A   I don't know. They were using it.

Exhibit A
Page 9 of 21

Computer Matrix, LLC            Phone - 907-243-0668         jpk@gci.net
310 K Street, Suite 200         Fax    907-243-1473          sahile@gci.net

Exhibit 7
Page 9 of 10 Pages

TODD CHRISTIANSON                 10/26/2006         GREAT DIVIDE v. CHRISTIANSON
Vol. 1                                                            3:06-CV-0060

Page 14

1   Q   Was there any agreement between you or Great Alaska and
2       Titan Enterprises to.....
3   A   No.
4   Q   Okay. Nothing in writing?
5   A   No.
6   Q   Did -- did Titan Enterprises pay anybody for the use
7       of this? Did they pay you separately?
8   A   No.
9   Q   Okay. Was it paid off?
10  A   Yeah.
11  Q   And is there maintenance required on it?
12  A   Was there maintenance required on it; yeah.
13  Q   Yeah, I mean you got to change the oil, right, and.....
14  A   Yeah.
15  Q   .....replace broken parts, et cetera? So who was paying
16      for the maintenance and the upkeep on it?
17  A   Titan Enterprises, I assume. Like you're talking to
18      '03?
19  Q   Yeah.
20  A   Uh-huh. (Affirmative)
                                        (Deposition Exhibit 1 marked)
22      MR. HOLMES: He's got a copy for you.
23  Q   You can take a second and read that. I'm sure you've seen
24      that before.
25      MR. HOLMES: Did you mark this as one?

Exhibit  A
Page  10  of  21

Computer Matrix, LLC              Phone - 907-243-0668              jpk@gci.net
310 K Street, Suite 200           Fax    907-243-1473              sahile@gci.net

Exhibit 7
Page 10 of 10 Pages