Roger F. Holmes, Esq.
BISS & HOLMES
3948 Clay Products Drive
Anchorage, Alaska 99517
Telephone: (907) 248-8013
Facsimile: (907) 243-6695
E-mail: roger.bh@gci.net
Attorneys for Plaintiff
Great Divide Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREAT DIVIDE INSURANCE COMPANY,<br><br>         Plaintiff.<br><br>    vs.<br><br>Todd Christianson, and d/b/a Great Alaska Lawn and Landscaping, Inc.; and Keith Jones,<br>         Defendants. | Case No. 3:06-cv-00060 TMB<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

The facts are not in dispute. Todd Christianson owns several local Anchorage businesses through which he provides landscaping and other related services, including Great Alaska Lawn and Landscaping, Inc., Titan Enterprises, LLC and Titan Topsoil, Inc. In approximately 1995 he purchased a hydro seeder

through Great Alaska Lawn.[1]  In 2002 Great Alaska was dissolved as a corporation by the State of Alaska.[2]  Christianson began using the two Titan companies to conduct his landscaping business.

Christianson sought insurance coverage from CHI of Alaska. Mike Dennis, an employee of CHI, was his insurance agent.  CHI purchased insurance for Christianson through intermediary brokers.  CHI obtained a general liability policy for Titan Enterprises.  The policy was obtained through an intermediary broker and was written by Great Divide.  CHI was not Great Divide's agent.  The policy insured Titan Enterprises.  Great Divide was not asked to, nor did it, insure Great Alaska Lawn or Christianson personally.  CHI purchased auto liability and workers compensation policies for Titan from companies other than Great Divide.[3]

On June 5, 2003, Keith Jones lost his leg in an industrial accident.[4]  He was employed at the time by Titan Enterprises,

---

[1] Docket #25, <u>Attachment A</u>, Christianson depo, pages 17-20.

[2] Christianson depo, pages 9 and 10.

[3] Exhibit E, Dennis depo, pp 10-12, 17, 18, 25, 26, & 45.

[4] Docket #1, exhibit 2 paragraph 2.

LLC.[5]  Workers compensation was paid to him through Titan's workers compensation carrier.[6]  The accident was allegedly caused by defects in the hydro seeder on which he was working when his leg became caught in the auger.[7]  Suit was filed by Jones against Christianson personally as the owner of Great Alaska Lawn.[8]  He was not sued in his capacity as owner of Titan Enterprises.

### I. Christianson is not an insured under the policy for this claim.

Christianson, is not, as he alleges, individually covered under the policy.  Christianson was an "insured" under the policy **only** with respect to his duties as an owner of the LLC.[9] Mr. Jones' lawsuit does not make any claims against Christianson with respect to his duties on behalf of Titan Enterprises, LLC.[10] Christianson is sued only in his individual capacity as owner of

---

[5]Docket #1, exhibit 2 paragraph 11 and Christianson depo, pages 10, 11, 12, 16, 23, 33 and 34.

[6]Christianson depo, page 15, line 5-18.

[7]Docket #1, exhibit 2 paragraphs 2 and 6.

[8]Docket #1, exhibit 2.

[9]Docket #1, exhibit 1 pp 1, 11 and 19.  "Who is an Insured, 1. c. A limited liability company, you are an insured.  Your members are also insureds, **but only with respect to the conduct of your business.**  Your managers are insureds, **but only with respect to their duties as your managers.**"

[10]Docket #1, exhibit 2.  Nor could he, since any such claim would be barred by the Alaska workers compensation exclusive remedy provision.  AS 23.30.055.

<u>PLAINTIFF'S REPLY MEMO RE SJ</u>
<u>GREAT DIVIDE V. CHRISTIANSON</u>
<u>CASE NO. 3:06-cv-00060 TMB</u>                3

Great Alaska.[11]  He is not insured in his individual capacity or in his capacity as owner of Great Alaska.[12]  Great Alaska is not insured under the policy.  For purposes of this lawsuit, Christianson is not an insured under the policy and has no right to claim coverage for the claims against him by Jones.

Christianson's status as an insured is limited by the language "but only with respect to the conduct of your (Titan's) business."  The limited liability company - Titan - is an insured for all purposes.  But the individual members who compose the limited liability company are only covered with respect to their conduct of the limited liability company's business.  Christianson has been sued because it is alleged he individually negligently modified the hydro seeder and negligently supplied it to Titan.  That was his personal business.  Christianson failed to address the salient point that he cannot be sued individually for conducting Titan's business because of the workers compensation bar.  Jones' lawsuit is carefully crafted to eliminate any claim against Christianson which arises out of capacity as a member to Titan Enterprises, LLC.[13]  Christianson's citation to <u>Hale v.</u>

---

[11]Docket #1, exhibit 2 paragraphs 9, 10 and 30-37.

[12]Docket #1, exhibit 1 pp 1.

[13]<u>See</u> page twenty of Christianson's opposition in which he admits that Jones' allegations do not fall within the statutory

<u>Fireman's Fund Insurance Company</u>, 731 P. 2d 577, 580 (AK 1987) does not aid the Court in its analysis of this claim. The Fireman's Fund policy covered both the premises operated by the insured and all operations necessary or incidental thereto. The court ruled this indicated the insurance company intended to cover operations which occurred off premises.

CHI could have asked that Christianson and Great Alaska Lawn be named as additional named insureds for an additional premium.[14] There is no telling how much equipment Christianson owned personally or in other companies. For all Great Divide and this Court knows, Christianson could have a substantial amount of equipment which he leases or loans to companies he owns. It would be highly unreasonable to expect that Great Divide was agreeing to personally insure individual members of the Titan Enterprises, LLC when, in their personal capacities, they were supplying defective equipment to Titan. In this endeavor, Christianson was no more engaged in the business of

---

framework for exclusive remedy of worker's compensation.

[14] Christianson thought he was being insured in his individual capacity. "Q. Did you ask them that you be named personally on the policy? A. I just assumed it." Exhibit D, Christianson depo, p 27. This is an E&O issue between Christianson & CHI.

<u>PLAINTIFF'S REPLY MEMO RE SJ</u>
<u>GREAT DIVIDE V. CHRISTIANSON</u>
<u>CASE NO. 3:06-cv-00060 TMB</u>         5

Titan Enterprises than any other independent heavy equipment tool rental business.

## II. Injury to Jones who was an employee of the insured is excluded by the policy.

This policy does not provide coverage for employer's liability which is defined as follows:

> Exclusions.  This insurance does not apply to: e. Employer's Liability.  "Bodily injury" to:
> (1) An "employee" of the insured arising out of and in the course of"
> (a) Employment by the insured; or
> (b) Performing duties related to the conduct of the insured's business; or
>  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (a) above.
> This exclusion applies:
> (1) **Whether the insured may be liable as an employer or in any other capacity;** and
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
> As respects this endorsement only, the definition of "Employee" in the DEFINITIONS (Section V) is **replaced** by the following"
> **"Employee"** shall include, but is not limited to, any person or persons hired by, loaned to, leased to, contracted for, or volunteering services to the insured, whether or not paid by the insured.[15]

---

[15] Docket #1, exhibit 1 pp 12 and 28.  The actual policy language was replaced by Endorsement S127.

<u>PLAINTIFF'S REPLY MEMO RE SJ</u>
<u>GREAT DIVIDE V. CHRISTIANSON</u>
<u>CASE NO. 3:06-cv-00060 TMB</u>           6

Jones was an employee of Titan Enterprises, LLC. Titan Enterprises, LLC is the named insured on the policy.[16] At the time of his accident Jones was acting within the scope of his employment.[17] Christianson was only insured with respect to his conduct of Titan's business. Christianson was the president, manager and sole owner of Titan Enterprises, LLC. Thus, he too was Jones' employer.[18] Although Christianson's status as Jones' employer is irrelevant since the employee exclusion applies to Christianson whether he is sued in his capacity as an employer or "any other capacity."

Christianson does not argue that the plain language of the policy excludes this claim by Jones, who was a Titan employee. His sole argument is premised on the fact that he thought he was buying "full coverage" and this exclusion creates a gap in his coverage. He claims, because he doesn't think he could buy employers liability coverage, his general liability carrier is responsible for providing this coverage. His testimony is

---

[16] Docket #1, exhibit 1, page 19. "Section II - WHO IS AN INSURED. c. A limited liability company, you are an insured." And see page 1 listing Titan Enterprises, LLC as the named insured under the policy.

[17] Docket #1, exhibit 2 paragraph 11, Christianson depo, pages 33 and 34.

[18] Christianson depo, page 5, lines 13 and 14, page 7, lines 1-13 and page 12, lines 10-20.

GREAT DIVIDE V. CHRISTIANSON
CASE NO. 3:06-cv-00060 TMB                    7

irrelevant. The Court has to determine the expectations of a reasonable lay person.[19] Christianson's argument is wrong for serval reasons. In the first instance he admits the policy language excludes this claim. He points to no other relevant policy language or relevant extrinsic evidence to the contrary.

Second, Christianson could find no case decided anywhere in the country which supports his position. If there is an insurance policy written anywhere in the United States which has no exclusions, it has yet to be reported. He fails to explain why his general liability carrier as opposed to his workers compensation carrier should, as a matter of public policy, have its policy form - which was approved by the Alaska Division of Insurance - reformed to cover his after-the-fact perceived need for employer liability insurance.

Third, it is untrue that he could not have insured against this risk. He could have added Great Alaska Lawn to the policy as a named insured and/or insured himself in his individual

---

[19] "A finding of coverage beyond the clear terms of the policy will not be made, however, on the bare allegations of the policyholder that it expected such coverage." O'Neill Investigations, Inc. V. Illinois Emp. Ins. Of Wausau, 636 P2d 1170, 1176 (AK 1981). "We consider four factors in determining what reasonable expectations an insurance policy will generate: (1) the disputed policy language; (2) other related policy language; (3) relevant extrinsic evidence; and (4) precedent interpreting similar provisions." Cole v. State Farm,

capacity. He thought he had done that. That would have covered this risk.[20]

Fourth, he could simply have transferred title to the hydro seeder into his new business, Titan Enterprises, LLC. That would have created a workers compensation bar to any suit arising out of an injury to an employee sustained while working on the equipment. He had workers compensation insurance. So there would have been no gap.

### III. Injury caused by a machine attached to a licensed road vehicle is excluded by the policy.

Christianson does not dispute that Jones was injured while working on a hydro seeder.[21] Nor does he dispute that the hydro seeder was mounted on top of a truck which was licensed by the State of Alaska for use on the State highway system.[22]

> Exclusions. This insurance does not apply to: g. Aircraft, Auto or Watercraft.
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or

---

[20] See footnote 14. Again this is an E&O issue between Christianson and his agent.

[21] Docket #1, exhibit 2 paragraphs 2 and 6.

[22] Attachment C, Anchorage Police Department report of industrial accident. "The apparent lone operator of the vehicle, later identified as KEITH JONES, was working on top of the truck when his right leg became caught and entangled in the shredder area inside the truck's hydro seed apparatus."

<u>PLAINTIFF'S REPLY MEMO RE SJ</u>
<u>GREAT DIVIDE V. CHRISTIANSON</u>
<u>CASE NO. 3:06-cv-00060 TMB</u>             9

>  operated by or rented or loaned to any insured. Use
>  includes operation and "loading or unloading".
>  This exclusion applies even if the claims against any
>  insured allege negligence or other wrongdoing in the
>  supervision, hiring, employment, training or
>  monitoring of others by that insured, if the
>  "occurrence" which caused the "bodily injury" or
>  "property damage" involved the ownership, maintenance,
>  use or entrustment to others of any aircraft, "auto"
>  or watercraft that is owned or operated by or rented
>  or loaned to any insured.[23]
>  
>  SECTION V - DEFINITIONS
>  2. "Auto" means a land motor vehicle, trailer or
>  semitrailer designed for travel on public roads,
>  **including any attached machinery or equipment.** But "auto"
>  does not include "mobile equipment".[24]

Christianson alleges the hydro seeder is mobile equipment thereby excluded from the definition of an auto because it falls under the following definition of mobile equipment:

>  f. Vehicles not described in a., b., c. or d. above
>  maintained primarily for purposes other than the
>  transportation of persons or cargo.
>  
>  However, self-propelled vehicles with the following
>  types of permanently attached equipment are not
>  "mobile equipment" but will be considered "autos":
>  
>  (1) Equipment designed primarily for:
>  (A) Snow removal;
>  (b) Road maintenance, but not construction or
>  resurfacing; or
>  [c] street cleaning;
>  (2) Cherry pickers and similar devices mounted on
>  automobile or truck chassis and used to raise or lower
>  workers; and

---

[23] Docket #1, exhibit 1 page 14.

[24] Docket #1, exhibit 1 page 22.

<u>PLAINTIFF'S REPLY MEMO RE SJ</u>
<u>GREAT DIVIDE V. CHRISTIANSON</u>
<u>CASE NO. 3:06-cv-00060 TMB</u>           10

> (3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.[25]

He is wrong. The hydro seeder is not "mobile equipment." In the first instance, to fit within this definition of "mobile equipment" the hydro seeder would have to be a "vehicle." The hydro seeder is not a vehicle. It is attached machinery. It was attached to a truck which was licensed for use on the highways of the State of Alaska. The truck was capable of carrying passengers and cargo. In fact the cargo it was set up to carry with the hydro seeder was, in fact, seed or mulch.

That same policy provision specifically states that certain self-propelled vehicles with permanently attached equipment are not "mobile equipment" but will be considered "autos." The policy lists equipment designed primarily for snow removal, road maintenance and street cleaning. The court is familiar with hydro seeders. They drive down the street and shoot grass seed onto the edges of highways. This hydro seeder is not unlike the pickups one sees driving around in the winter with a temporary apparatus on the back to spread sand on parking lots and driveways.

---

[25] Docket #1, Exhibit 1, p 24.

PLAINTIFF'S REPLY MEMO RE SJ
GREAT DIVIDE V. CHRISTIANSON
CASE NO. 3:06-cv-00060 TMB                11

The policy defines an auto as a land motor vehicle designed for travel on public roads including attached machinery or equipment. There is nothing ambiguous about that definition. Nor does Christianson deny this was a licensed truck with attached machinery. Contrary to Christianson's assertions, the testimony of his agent does not support his position on ambiguity or that the hydro seeder is mobile equipment. At his deposition, Dennis was asked about the Commercial Automobile Application which Christianson filled out. Under Operation Information, paragraph 12, the trucks were listed. In response to the question "Is Special Equipment Mounted or Attached to Any of These" Christianson checked yes and listed the hydro seeder. On page two of that application, he listed the Bowie Hydro Seeder, which is the subject of Jones' lawsuit.[26] Both Christianson and Dennis knew the hydro seeder should have been covered under Christianson's commercial auto policy. Why else would Dennis

---

[26] Exhibit E, Dennis depo, pp 43, 46, and Exhibit F, pp 1-4.

"Q. So I mean I've seen a lot of CGL's where the – where the auto is included in the CGL. Was there some reason it was broke apart here? A. To my knowledge the auto is never covered under CGL. It – you can cove – under the general liability policy you can cover off-road equipment, equipment that's not licensed for road use. A bulldozer, CAT, excavator, those are all covered under a general liability policy. But an auto policy covers vehicles licensed for road use." The truck here in question was licensed for road use.

have had Christianson fill out the commercial auto application and list the truck and the hydro seeder on the commercial auto application?  When asked why he didn't tender the defense of Jones' lawsuit to Christianson's commercial auto carrier Dennis had no answer.[27]

The cases cited by Christianson do not support his position. In <u>Twin City Fire v. Second Chance Body Armor, Inc.</u>, 2006 Mich. App. LEXIS 1735 the issue was coverage for a trailer which had been converted to a mobile fire works platform, a proposition which was admitted by the insurer.  Although the launcher could be towed to the site, its purpose was to be left at the site and operate independently as a mobile rocket launcher.  At the time of the accident the launcher was not being towed, but was set up and fireworks were being launched from it.

<u>Bills v. United States Fidelity & Guaranty Company</u>, 280 F.3d 1231 (9th Cir. 2002) was based on a decision and the Arizona Court of Appeals, <u>Castillo v Miller's Mutual Fire Insurance Company of Texas</u>, 25 P.3d 13 (Ariz. App. 2001).  Neither case is analogous. Arizona law requires uninsured motorist coverage for vehicles whether the vehicle is covered under an auto policy or a general liability policy.  In <u>Castillo</u> the same insurer provided general

---

[27] Exhibit E, Dennis depo, p 48.  Again an E&O issue between Christianson and CHI.

<u>PLAINTIFF'S REPLY MEMO RE SJ
GREAT DIVIDE V. CHRISTIANSON
CASE NO. 3:06-cv-00060 TMB</u>                13

liability and auto insurance. The insurer listed the Lor-al as equipment under the general liability policy rather than an auto under its auto policy even though the vehicle was designed to carry a driver and passenger, could reach speeds of over 55 miles per hours and was driven over 16,400 miles a year on state highways. The court had no trouble determining the carrier needed to provide uninsured motorist coverage for that vehicle. Had Jones been injured while driving this licensed truck with the attached hydro seeder there is absolutely no question that he would have been entitled to uninsured motorist coverage.

Likewise in <u>Bills</u>, the Court ruled that regardless of the description of a piece of equipment as either mobile equipment or an auto, the public policy provisions of Arizona's uninsured motorist statute trump policy language. In neither case was the holding premised on what was or was not mobile equipment. Both cases turned on the fact that Arizona law required general liability carriers as well as auto carriers to provide uninsured motorist coverage if they insured a vehicle regardless of whether they called it an auto or mobile equipment. In neither case did the parties disagree about whether the equipment was "mobile equipment."

Not only does Great Divide's policy exclude this piece of equipment, the Commercial Automobile Application filled out by Christianson for CHI indicates the exact opposite of what Christianson alleges.[28] It shows that CHI and Christianson understood the hydro seeder was always intended to be covered as part of his commercial automobile policy.

### IV. The policy does not provide Med Pay coverage for Jones' injuries.

The policy also provides coverage for medical payments which are made for bodily injury regardless of fault.[29] However, these payments too are excluded under the policy.

> 2. Exclusions
> We will not pay expenses for "bodily injury":
> b. Hired Person
> To a person hired to do work for or on behalf of any insured or a tenant of any insured.
> d. Workers Compensation and Similar Laws
> To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.
> g. Coverage A Exclusions
> Excluded under Coverage A.[30]

Jones has not disputed this assertion.

---

[28] The is a Cascade National Insurance Company form. Cascade was Titan's commercial automobile carrier.

[29] Docket #1, exhibit 1 page 17.

[30] Docket #1, exhibit 1 page 17.

There are no material issues of fact. The policy language is clear and unambiguous. Injuries to employees are covered under workers compensation policies. Christianson covered Jones under his workers compensation policy. Vehicles are covered under auto policies. The fact that Christianson or CHI listed this hydro seeder on his auto policy application should preclude him from reasonably expecting coverage for it under his general liability policy. Such an expectation would be unreasonable.[31] Summary judgment should be granted.

DATED at Anchorage, Alaska, this 26th day of January, 2007.

>BISS & HOLMES
>Attorneys for Plaintiff
>GREAT DIVIDE INSURANCE CO.
>
>s/Roger F. Holmes
>3948 Clay Products Drive
>Anchorage, Alaska 99517-1014
>(907) 248-8013 Phone
>(907) 243-6695 Fax
>E-mail: roger.bh@gci.net
>Alaska Bar No. 7011060

---

[31] Dugan v. Atlanta Casualty Companies, 113 P. 3d 652, 654 (AK 2005) and Cole v. State Farm Insurance Company, 128 P.3d 171 174 (AK 2006).

PLAINTIFF'S REPLY MEMO RE SJ
GREAT DIVIDE V. CHRISTIANSON
CASE NO. 3:06-cv-00060 TMB            16

CERTIFICATE OF SERVICE
I hereby certify that on
January 26, 2007, a copy of
foregoing Reply Memorandum In Support
of Plaintiff's Motion For Summary Judgment
was served electronically on:

Kevin T. Fitzgerald, Esq.

Michael W. Flanigan, Esq.

s/Roger F. Holmes