IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREAT DIVIDE INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>   vs.<br><br>Todd Christianson, and d/b/a Great Alaska Lawn and Landscaping, Inc.; and Keith Jones,<br><br>              Defendants. | Case No. 3:06-cv-000060   TMB<br><br>O R D E R |

## I.  MOTION PRESENTED

Plaintiff Great Divide Insurance Company ("Great Divide") moves for summary judgment on its request for a declaratory judgment against Defendants Todd Christianson ("Christianson") d/b/a Great Alaska Lawn and Landscaping, Inc. and Keith Jones ("Jones"). Defendants have filed a Response, and Great Divide has filed its Reply.

## II.  BACKGROUND

Christianson has owned several Anchorage landscaping businesses, including Titan Enterprises, LLC d/b/a Titan Topsoil.  Christianson purchased three insurance policies, including a workers' compensation policy, an automobile policy, and a commercial general liability policy from Great Divide, which he applied for on behalf of Titan Enterprises on March 25, 2003.  On June 5, 2003, Keith Jones, an employee of Titan Enterprises, had his right leg amputated below the knee after it was caught between the mixing auger and bun of a piece of landscaping equipment known as a hydro seeder.  Jones filed a workers' compensation claim, which has been resolved.

Jones also filed a separate cause of action in Alaska State Superior Court.[1] Christianson tendered defense to Great Divide, pursuant to the terms of the commercial general liability policy. Great Divide declined to defend, and filed for declaratory judgment in this case. Great Divide requests a judgment declaring that it has no duty under policy GC 240519 to defend or indemnify Christianson against claims relating to injuries received by Jones. Christianson contends that Great Divide is obligated under its policy to defend and indemnify him for any liability in the state tort action.

### III.  STANDARD OF REVIEW

In diversity cases, state law governs interpretation of substantive matters.[2] Under Alaska law, "[t]he construction of an insurance contract is a matter for the court, unless its interpretation is dependent upon the resolution of controverted facts."[3]

The Alaska Supreme Court "look[s] to four factors when interpreting contracts: (1) the language of the disputed policy provision; (2) the language of other provisions in the policy; (3) relevant extrinsic evidence; and (4) case law interpreting similar provisions."[4] Alaska law dictates that insurance policies should be construed "in such a way as to honor a lay insured's reasonable expectations," and "ambiguities in insurance policies should be construed most favorably to an insured."[5] However, "the latter rule only applies when there are two or more

---

[1] *Keith Jones v. Bowie Indus., et al.*, 3ANS-04-109581 CI.

[2] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938).

[3] *O'Neill Investigations, Inc. v. Ill. Employers Ins. of Wausau*, 636 P.2d 1170, 1173 (Alaska 1981).

[4] *Dugan v. Atlanta Cas. Cos.*, 113 P.3d 652, 654 (Alaska 2005).

[5] *Allstate Ins. Co. v. Falgoust*, --- P.3d ----, 2007 WL 1575524, at *4 (Alaska June 1, 2007).

reasonable interpretations of particular policy language."[6]  Where the policy language is subject to only one reasonable interpretation, that language is binding.[7]

Under Alaska law, an insurer's duty to defend is separate and apart from the duty to indemnify.[8]  Only if there is no possible basis on which the insurer would be required to indemnify will there be no duty to defend.[9]

## IV.  DISCUSSION

Great Divide argues that it cannot be required to indemnify Christianson and has no duty to defend because: Christianson is not an insured as defined in the policy; because the Employer Liability exclusion precludes coverage for injury to Jones, a Titan employee; and because injury resulting from the hydro seeder mounted on a truck falls within the auto exclusion.  The Court finds that, even assuming that Christianson is an insured under the policy for this claim, injury to an employee of the insured is unambiguously excluded by the policy.  The Court therefore need not reach Great Divide's remaining arguments.

Under the heading "Exclusions," the commercial general liability insurance contract at issue states that the insurance does not apply to:

---

[6]   *Id.*

[7]   *See id.*

[8]   *See Sauer v. Home Indem. Co.*, 841 P.2d 176, 180 (Alaska 1992) (citing *Afcan v. Mut. Fire, Marine and Inland Ins. Co.*, 595 P.2d 638, 645 (Alaska 1979)).  The Alaska Supreme Court has stated:
> Depending upon the nature of the claim against the insured, the insurer may have an obligation to defend, even though it has no ultimate liability under the policy. We believe that the language of the standard duty to defend clause creates a reasonable expectation on the part of the insured *whenever* a complaint states a cause of action within, or potentially within, the policy coverage....[I]f the complaint *on its face* alleges facts which, standing alone, give rise to a possible finding of liability covered by the policy, the insured has the contractual right to a proper defense at the expense of the insurer.

*Id.*

[9]   *See id.*

     e.     **Employer's Liability.**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

    (a) Employment by the insured; or

    (b) Performing duties related to the conduct of the insured's business.

The parties agree that Jones was an employee of the insured and there is no dispute that Jones' injury arose on the job.

Defendants do not argue that the text of the policy contains any ambiguity regarding the Employer Liability exclusion. Defendants' only argument is that the exclusion is meant specifically to avoid double coverage with workers' compensation provisions, and that it is not intended to produce any gap in coverage.[10] However, Defendants provide no support for this argument. Indeed, a separate exclusion prevents exactly the type of overlap in coverage that Defendants argue is targeted by the Employer Liability exclusion. That exclusion, entitled "Workers' Compensation And Similar Laws," excludes from coverage "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." The Court finds no ambiguity in the policy language with respect to the Employer Liability exclusion, and concludes that a lay insured could not reasonably expect injuries to employees to be covered by the policy.

Having found that the language of the policy unambiguously excludes coverage for injuries to employees of the insured incurred in the course of their employment, the Court now considers whether Defendants have raised a genuine issue of material fact regarding extrinsic evidence that could alter the otherwise clear meaning of the policy language. The Court finds

---

[10] This argument has been considered and rejected by at least two courts in other jurisdictions (although the Maine court did not squarely address the issue). *See Maine State Acad. of Hair Design, Inc. v. Commercial Union Ins. Co.*, 699 A.2d 1153, 1158 (Me. 1997) (rejecting argument that exclusion for injury to employees excludes only claims covered by workers' compensation, but finding that the exclusion did not apply because it was not clear from the allegations that the injuries were sustained in the course of the employment); *C M, Inc. v. Canadian Indem. Co.*, 482 F. Supp. 780, 784 (D.C.S.D 1980), *rev'd on other grounds*, 635 F.2d 703 (8th Cir. 1980) (finding that a provision in a general liability policy excluding injury to employees was not limited to workers' compensation claims).

that Defendants have not provided any such extrinsic evidence beyond the mere assertion by Christianson that he expected coverage. In his deposition, when asked what he thought was covered, Christianson stated that he thought all potential liabilities were covered. "A finding of coverage beyond the clear terms of the policy will not be made, however, on the bare allegations of the policyholder that it expected such coverage."[11] "The insured must demonstrate through extrinsic evidence that its expectation of coverage was based on specific facts which make these expectations reasonable."[12] Christianson has not done this. For instance, there is no evidence in the record, including both Christianson's deposition testimony and that of insurance agent Michael Dennis, that anyone ever told Christianson that injury to an employee would be covered. When Dennis was asked in his deposition about his understanding of the Employer Liability exclusion coverage, he clearly stated that "[e]mployees aren't covered under general liability."[13] Defendants have produced no evidence to show why Christianson might reasonably have believed otherwise.

Finally, the Court looks to case law interpreting similar provisions. Defendants contend that no court has found such an Employer Liability exclusion to be enforceable in Alaska.[14] This Court has identified only one case in Alaska relating to the application of an identical

---

[11]   *O'Neill Investigations*, 636 P.2d at 1177.

[12]   *Id.*

[13]   Dennis testified that he did not specifically discuss this exclusion with Christianson. However, the fact that an otherwise clear exclusion was not specifically pointed out to an insured cannot, without any additional support whatsoever, create a reasonable expectation that there is no such exclusion. To find otherwise would create a presumption that all terms in an insurance contract must be explained orally in order to be enforced. Of course, where, unlike the exclusion at issue, the policy language is susceptible to the insured's interpretation, this factor might deserve more weight.

[14]   Defendants also assert that the ostensible purpose of the Employer Liability exclusion is to prevent commercial general liability policies from becoming de facto Employer Liability policies where such policies are separately offered for sale. However, Defendants offer no support for this assertion.

exclusion.[15] In that case, *Whitney Fidalgo Seafoods v. Home Ins. Co.*, the federal district court found that the exclusion did not preclude coverage because the injured party was an illegally employed minor.[16] The court recognized that under Alaska law, insurance policies are considered contracts of adhesion, and that "exclusions to a policy must be construed strictly against the insurer."[17] Based on this general tenet of Alaska insurance law, the court held that "persons employed in violation of state law who elect to void their employment contract are not employees within the meaning of the general exclusionary clause."[18] In this case, however, the parties agree that Jones was an employee, and the Court can find no basis for finding that the clearly worded exclusion does not apply. Likewise, the Court has found no support in other jurisdictions for Defendants' narrow interpretation of the exclusion. To the contrary, it appears that numerous courts have enforced identical or similar exclusions.[19]

---

[15] In *Hale v. Fireman's Fund Insurance Company*, the Alaska Supreme Court also considered an insurance policy that "excluded coverage for bodily injury 'to any employee of the insured arising out of and in the course of his employment by the insured.'" 731 P.2d 577, 578-79 (Alaska 1987). However, the Court did not reach the enforceability of this exclusion, since it found that a separate exclusion precluded coverage. *Id.* at 581.

[16] 447 F. Supp. 393, 394-95 (D. Alaska 1978).

[17] *Id.* at 394.

[18] *Id.*

[19] *See, e.g.*, *CM, Inc. v. Canadian Indem. Co.*, 635 F.2d 703, 706-07 (8th Cir. 1980) (finding that exclusion was clear and unambiguous in that it would prevent a claim by an employee for bodily injury, but that claims brought by third parties because of liability assumed by contract were not excluded); *Parfait v. Jahncke Service, Inc.*, 484 F.2d 296, 307 (5th Cir. 1973) (enforcing exclusion in a "Commercial Automobile – General Liability Policy "where "[t]he plain language of the policy shows that it does not cover liability originating in injuries to the insured's employees"); *Nautilus Ins. Co. v. S & S Indus. Servs., Inc.*, 2007 WL 951776, at *6 (S.D. Fla. 2007) (enforcing employee exclusion, which the court found to be unambiguous); *Kelleran & Assocs., Inc. v. Zurich Specialties London, Inc.*, 2006 WL 3437420, at *3 (E.D.N.Y. 2006).

## V.  CONCLUSION

The Court finds that the contract language with respect to the Employer Exclusion is clear and unambiguous in its application to the undisputed facts of this case, and that the exclusion precludes coverage.  As there is no possible basis on which Great Divide could be required to indemnify, Great Divide has no duty to defend.

IT IS THEREFORE ORDERED:

The motion for summary judgment at Docket No. 25 is GRANTED.

Dated at Anchorage, Alaska, this 6th day of July, 2007.

/s/ Timothy Burgess

Timothy M. Burgess
United States District Judge