Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Attorneys for Defendant Christianson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREAT DIVIDE INSURANCE COMPANY, | ) ) ) No. 3:06-cv-00060 TMB |
| Plaintiff, | ) ) |
| v. | ) **DEFENDANT TODD** ) **CHRISTIANSON, AND** |
| Todd Christianson, and d/b/a Great Alaska Lawn and Landscaping, Inc.; and Keith Jones, | ) **"D/B/A GREAT ALASKA LAWN** ) **AND LANDSCAPING, INC.'S"** ) **OPPOSITION TO PLAINTIFF'S** ) **MOTION FOR ATTORNEY FEES** ) |
| Defendants. | ) ) |

I.   INTRODUCTION

Plaintiff, Great Divide Insurance Company (hereinafter "Great Divide"), moves pursuant to Alaska Rule of Civil Procedure 82, and Local Rule 54.3, for an award of attorney fees in the amount of $4,899.60. Defendant Christianson objects to this request. Great Divide's request is untimely. Additionally, Great Divide is not

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Great Divide v. Christianson
Case 3:06-cv-00060 TMB
Opposition
Page 1 of 6

entitled to prevailing party attorney fees. Finally, Christianson objects to the amount claimed, but requests an itemization of hours worked and description before responding further.

## II. GREAT DIVIDE'S MOTION IS UNTIMELY

Alaska Rule of Civil Procedure 82(c) provides that the attorney fee motion must be filed within ten days of the applicable judgment/order. Here, the order was entered electronically on July 6, 2007. Plaintiff did not file its motion for attorney fees until July 18. Plaintiff has, therefore, failed to comply with Civil Rule 82(c). The motion should be denied.

## III. GREAT DIVIDE IS NOT ENTITLED TO PREVAILING PARTY ATTORNEY FEES

The matter was tendered to Great Divide a number of times, once in 2004 and again in 2006. See letter dated February 9, 2006. Exhibit 1. Initially, Great Divide reserved its rights. Exhibit 2. It was not until March, 2006 that Great Divide denied coverage. Exhibit 3. In that letter Great Divide suggested Christianson tender the defense to "any other carrier." At that time there was no pending action against Great Divide. Christianson, neither individually nor through various entities, filed any action against Great Divide. Instead, in March, 2006, Great

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Great Divide v. Christianson
Case 3:06-cv-00060 TMB
Opposition

Divide filed the instant lawsuit for declaratory relief against its insured. In doing so Great Divide sought an advisory opinion as to whether it properly interpreted the policy *it* wrote. As a matter of public policy, and as a matter of equity, Great Divide should not be allowed to now seek attorney fees against its insured for interpreting a contract it wrote in a lawsuit it initiated. Such a conclusion finds support in Alaska Rule of Civil Procedure 82.

Trial courts have wide latitude for determining attorney fees under Rule 82. This discretion is broad enough to warrant denial of attorney fees altogether. Fernandez v. Portline, 56 P.3d 1 (Alaska 2002). In that case the court determined that neither party should be considered the prevailing party for purposes of Rule 82. The same is true here.

In making a coverage decision Great Divide was doing nothing more than that which it was required to do as a matter of law. Obviously, Great Divide was sufficiently concerned about its coverage decision that it unilaterally sought an advisory opinion from the court. As noted above, Christianson did not file suit. In short, Christianson was forced to defend a lawsuit brought against him by his own

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Great Divide v. Christianson
Case 3:06-cv-00060 TMB
Opposition

insurer because the insurance company was uncertain about its coverage decision concerning the interpretation of a contract it wrote. Under these circumstances Great Divide simply cannot be considered the prevailing party. While this court sided with the insurance company's interpretation, Christianson was a prevailing party in the sense of prompting the insurance company to file for declaratory relief. Neither party should be considered the prevailing party.

Civil Rules 82(b)(3)(I)/(K) also provide the court with the ability to consider equitable factors in determining fee awards. In this instance the equities strongly favor an award of no attorney fees in favor of the insurance company. Allowing attorney fees in this matter will certainly deter people from seeking to obtain possible benefits of an insurance policy. People pay premiums to obtain insurance coverage. When they make claims they should not be placed in a situation of having to pay fees to their insurance company if those claims are denied, particularly if the lawsuit is not brought by the insured, but the <u>insurer</u>. It is quite conceivable that people will give up their legitimate rights to insurance coverage if it means that they will have to pay substantial amounts of

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Great Divide v. Christianson
Case 3:06-cv-00060 TMB
Opposition

money for filing a claim. As a result, both as a matter of law and as a matter in equity, Great Divide should not be deemed a prevailing party entitled to attorney fees. The defendant also opposes the amount requested.

### IV. GREAT DIVIDE'S REQUEST FOR $4,899.60 IN ATTORNEY FEES IS NOT SUPPORTED BY ARCP 82

A review of Great Divide's memorandum demonstrates that it apparently seeks attorney fees in contravention of the applicable law.[1] Defendant requests an itemization of attorney fees pursuant to Hayes v. Xerox Corp., 718 P.2d 929 (Alaska 1986). Such an itemization would demonstrate the hours expended and a description of the services reflected by those hours. Otherwise, there is insufficient foundation to examine the reasonableness of counsel's fees. As it is, the invoices submitted by plaintiff's counsel appear to demonstrate that plaintiff is seeking legal fees for fees incurred even prior to the inception of the lawsuit. As a result, Christianson opposes the amount of attorney fees requested until he has had an opportunity to review plaintiff's itemization of hours expended, dates, and a brief description of the services reflected by the hours.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Great Divide v. Christianson
Case 3:06-cv-00060 TMB
Opposition

## CONCLUSION

Defendant objects to Great Divide's motion for attorney fees. The motion is procedurally and substantively defective, and should be denied. Moreover, the motion is unsupported by an itemization of hours worked and description of services necessary to evaluate the requested fees.

Dated at Anchorage, Alaska August 9, 2007.

INGALDSON, MAASSEN &
FITZGERALD, P.C.
Attorneys for Defendant
Christianson

s/Kevin T. Fitzgerald
ABA No. 8711085
813 West Third Avenue
Anchorage, AK  99501
Fax: (907) 258-8751
E-mail: kevin@impc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 8/9/07,
a copy of the foregoing Opposition
was served electronically on:

Roger F. Holmes, Esquire
Michael Flanigan, Esquire

s/Kevin T. Fitzgerald
F:\W\7501-5\Federal Pleadings\Opp to Mtn for Fees.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[1]  There is also an issue whether fees, if any, should be apportioned pursuant to Civil Rule 82(e).

Great Divide v. Christianson
Case 3:06-cv-00060 TMB
Opposition